[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #122 MOTION FOR PROTECTIVE ORDER
The plaintiff in the instant action seeks a Protective Order protecting him from having his employer produce documents requested by the defendant in a subpoena duces tecum dated June 14, 2002.
On July 3, 2002, the defendant filed its objection to the Motion for Protective Order. Attached to the motion is a copy of the subject subpoena. Said document orders the defendant's employer to produce:
 A copy of Roscoe Sheffield's employment records specifically indicating the number of hours Mr. Sheffield worked each day for the time period from October 1, 1997 to March 31, 1998.
The defendant asserts that:
 1) The subpoena duces tecum is an invasion of the defendant's privacy and any benefits gained by production of the subject material will be greatly overshadowed by the loss of personal information by the defendant; and
 2) The subpoena duces tecum seeks information that is not relevant to the case in question; and
 3) The subpoena seeks information that is confidential and cannot be released by his employer without Mr. Sheffield's consent, or a judicial order.
Section 31-128f of the Connecticut General Statutes concerns the disclosure of information in an employee's personnel file. This statute provides in pertinent part that:
 No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except where the information is limited to the verification of dates of employment and the employee's title or position and wage or salary or where the disclosure is made: (1) To a third party that maintains or prepares employment records or performs other employment-related services for the employer; (2) pursuant to a lawfully issued CT Page 9598 administrative summons or judicial order, including a search warrant or subpoena, or in response to a government audit or the investigation or defense of personnel-related complaints against the employer; (3) pursuant to a request by a law enforcement agency for an employee's home address and dates of his attendance at work; (4) in response to an apparent medical emergency or to apprise the employee's physician of a medical condition of which the employee may not be aware; (5) to comply with federal, state or local laws or regulations; or (6) where the information is disseminated pursuant to the terms of a collective bargaining agreement.
In the current situation, the defendant specifically seeking employment records "indicating the number of hours Mr. Sheffield worked each day for the time period from October 1, 1997 to March 31, 1998." The information sought by the defendant is very specific and narrowly tailored:
 "The disclosure of such information [contained in a personnel file] must be carefully tailored to a legitimate and demonstrated need for such information in any given case. Where disclosure of the personnel file would place in the hands of a [party] irrelevant or personal and sensitive information concerning . . . [another], the entire file should not be disclosed. No. [party] has the right to conduct a general "fishing expedition into the personnel records of [another]. . . . Because discovery of matters contained in a . . . personnel file involves careful discrimination between material that relates to the issues involved and that which is irrelevant to those issues, the judicial authority should exercise its discretion in determining what matters should be disclosed. . . . Because the law furnishes no precise or universal test of relevancy, the question must be determined on a case by case basis according to the teachings of reason and judicial experience. . . ." (Citations omitted; internal quotation marks omitted.) Rosado v. Bridgeport Roman Catholic Diocesan Corp., supra, Superior Court, Docket No. 300272, quoting State v. Januszewski, 182 Conn. 142, 172-173, 438 A.2d 679
(1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1005 (1981).
Cited in Zito v. Sports Authority, Inc., No. CV99-0495291S (Aug. 28, CT Page 9599 2000) (2000 Ct. Sup. 10697) (Kocay, J.)
Section 13-2 of the Connecticut Practice Book 2002, concerns the scope of discovery in general. This section provides that:
 In any civil action, in any probate appeal, or in any administrative appeal where the judicial authority finds it reasonably probable that evidence outside the record will be required, a party may obtain in accordance with the provisions of this chapter discovery of information or disclosure, production and inspection of papers, books or documents material to the subject matter involved in the pending action, which are not privileged, whether the discovery or disclosure relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, and which are within the knowledge, possession or power of the party or person to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Written opinions of health care providers concerning evidence of medical negligence, as provided by General Statutes § 52-190a shall not be subject to discovery except as provided in that section.
The Complaint in this matter asserts that the defendant lost control of his vehicle. The issue as to whether the defendant undertook activities before the accident in question or conducted such activities in such a manner that he could not maintain the control of his vehicle is within the scope of § 13-2.
The Motion for Protective Order is denied as to the issue of the hours worked by the defendant each day for the time period from October 1, 1997 to March 31, 1998.
Richard A. Robinson, J July 26, 2002 CT Page 9600